### CONNOR *v.* HURLEY.

CONTRACT OF EMPLOYMENT—WRONGFUL DISCHARGE—DAMAGES—QUESTION FOR JURY.

> Whether plaintiff, who was employed as a marine engineer, used due diligence, after his wrongful discharge, to obtain other employment, was a question for the jury, where it appeared that he was discharged in the spring, after the season for making up crews had passed, and when many were out of employment; that he left his name with the "Union," as was the custom, to be referred to vesselmen desiring engineers, and also at one other place; and that he secured a position in September for the remainder of the season.

Error to Wayne; Hosmer, J. Submitted April 15, 1897. Decided May 11, 1897.

*Assumpsit* by Patrick E. Connor against Timothy Hurley for the breach of a contract of employment. From a judgment for plaintiff, defendant brings error. Affirmed.

*John C. Shaw* and *Joseph H. Clark*, for appellant.

*Charles Flowers*, for appellee.

MONTGOMERY, J.    Plaintiff is a marine engineer, and brought this action to recover for a breach of a contract of hiring.    He gave evidence tending to show that he was employed by defendant in the spring of 1892, for the season, at the agreed price of $1,100; that he commenced work under this employment, and continued working for 26 days, when he was taken sick; that he offered to secure a man to take his place during his absence, but defendant informed him that he would do that, and that he (plaintiff) could return to work when he recovered; that he was sick for 8 or 10 days, and when he went back to resume his work defendant had employed another man for the season.    The defendant testified, on the other hand, that there was no employment for the season, and that there was no agreement at the time plaintiff left that he should be re-employed; but the jury found upon these questions in favor of the plaintiff's contention.    Thus far it is clear that the case presents no question of law, but turned upon the credibility of the witnesses, and, while the defendant made a motion for a new trial, and has assigned error upon the ruling of the circuit judge refusing it, the case is certainly not so clear upon its facts as to justify us in concluding that the circuit judge erred in refusing a new trial.

The defendant also contends that the testimony of the plaintiff himself shows that he failed to use due diligence in seeking other employment.    He gave testimony to the effect that the town was full of men out of employment; that he did leave his name with the "Union,"—which would appear to have been an employment bureau; and he states that if a vessel owner comes along, and wants a man, a list of these names is furnished, and a selection made therefrom.    He also testified that that was the custom among engineers.    He testified that he also left his name with the Riverside Iron Works; that he did finally get a job in September, for the balance of the season.    The circuit judge, we think, properly submitted it to the jury to say whether the plaintiff used reasonable diligence to

obtain employment during the season; and charged them that mere leaving an application at the marine engineers' hall would not be reasonable diligence, so long as there were other places where a man of his profession might reasonably expect to get employment; and that he must be diligent in seeking employment during all the rest of the season. We think this instruction sufficiently favorable to defendant, and that it cannot be said, as matter of law, that the plaintiff did not use reasonable diligence, under the circumstances, in view of the fact that the season for making up a crew had already passed at the date of his discharge, and that there were many men out of employment, and in view of his testimony that he followed the custom prevailing among engineers.

The judgment will be affirmed.

The other Justices concurred.